# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>OCEAN PRINCESS INTERNATIONAL INC., OCEAN LINE HOLDINGS LIMITED, HONG KONG AND OCEAN LONGEVITY SHIPPING AND MANAGEMENT CO., LTD., AS OWNER, BAREBOAT CHARTERER AND MANAGER, RESPECTIVELY, OF M/V OCEAN PRINCESS, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of Ocean Princess International Inc., Ocean Line Holdings Limited, Hong Kong and Ocean Longevity Shipping and Management Co., Ltd., as owner, bareboat charterer and manager, respectively, of the M/V OCEAN PRINCESS (hereinafter collectively referred to as "Petitioners"), in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, alleges and avers upon information and belief, as follows:

(1) At all times pertinent to this cause, Ocean Princess International Inc. ("Ocean Princess") was a corporation organized and existing under and by virtue of the laws of a foreign nation with its principal place of business outside the United States, and was the owner of OCEAN PRINCESS.

(2) At all times pertinent to this cause, Ocean Line Holdings Limited, Hong Kong

("Ocean Line Holdings") was a company organized and existing under and by virtue of the laws of a foreign nation with its principal place of business outside the United States, and was the bareboat charterer of OCEAN PRINCESS.

(3)     At all times pertinent to this cause, Ocean Longevity Shipping and Management Co., Ltd. ("Ocean Longevity") was a company organized and existing under and by virtue of the laws of a foreign nation with its principal place of business outside the United States, and was manager of OCEAN PRINCESS.

(4)     The OCEAN PRINCESS is a bulk carrier bearing IMO number 9245196 and flagged under the laws of Hong Kong, China and home-ported in Hong Kong.

(5)     Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to the casualty referred to below, tight, staunch, strong, and fully and properly manned, equipped and supplied and in all respects seaworthy and fit for the service in which she was engaged.

(6)     On or about January 7, 2021, the OCEAN PRINCESS was navigating in the U.S. Gulf of Mexico when the vessel came into contact with the Arena Energy, LP and/or Arena Offshore, LP (collectively "Arena") South Pass Area 83A platform located on the Outer Continental Shelf offshore Louisiana.

(7)     As a result of the aforementioned incident, certain persons allege they sustained physical damages and other possible economic and/or other losses.  Specifically, Arena alleges it sustained physical damage to its South Pass Area 83A platform.

(8)     This Complaint is filed within six months of the casualty event, and therefore within six months from Petitioners' written receipt of first notice of a limitable claim.

(9) The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the OCEAN PRINCESS, or anyone for whom said Petitioners may be responsible.

(10) The aforementioned incident was occasioned by and occurred without the privity and knowledge of Petitioners herein.

(11) Filed herewith is a list of all demands related to the aforementioned incident of which Petitioners have knowledge as of the time of the filing of this Complaint. Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against Petitioners or the OCEAN PRINCESS arising out of the aforementioned incident.

(12) As a result of the aforementioned incident, Petitioners' vessel sustained damage presently totaling ONE MILLION ONE HUNDRED EIGHTY-ONE THOUSAND SEVEN HUNDRED FIFTY-FIVE and 53/100 ($1,181,755.53) DOLLARS (Exhibit "A"). Petitioners reserve the right to supplement and amend this Article as further facts are developed.

(13) On January 7, 2021, the OCEAN PRINCESS was empty of cargo. At the time of the incident, the vessel had completed her previous voyage and was awaiting her next cargo and voyage at the time of the allision involving the vessel and the Arena platform. Therefore, there was no pending freight earned and/or in issue herein as of the time of the incident.

(14) Petitioners' interest in OCEAN PRINCESS, based on the attached Ship Valuation Report valuing the vessel absent the casualty occurring at FIVE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($5,500,000.00) DOLLARS (Exhibit "B"), in the absence of any sum due with respect to pending freight, and minus the damage sustained by OCEAN PRINCESS as a result of the casualty, did not and does not now exceed the maximum sum of

FOUR MILLION THREE HUNDRED EIGHTEEN THOUSAND TWO HUNDRED FORTY-FOUR AND 47/100 ($4,318,244.47) DOLLARS.

(15) Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Assuranceforeningen Skuld (Gjensidig) (Exhibit "C") in the sum of $4,318,244.47, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the OCEAN PRINCESS, her appurtenances, etc. and any pending freight, less the cost of repairs following the casualty.

(16) Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have a valid defense thereto on the facts and on the law. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

(17) Petitioners show that if one or all of them should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of Petitioners' interest in the aforementioned vessel and her pending freight in the maximum aggregate of $4,318,244.47.

(18) Should it later appear that Petitioners are or may be liable and that the amount or value of their interests in the OCEAN PRINCESS and her pending freight, as aforesaid, is not

sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

(19) All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners pray:

(1) This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of its interest in the OCEAN PRINCESS and her pending freight;

(2) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be fixed in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against

Petitioners, their officers, and their underwriters, and/or against the OCEAN PRINCESS, her officers and crews or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury or death occasioned or incurred as a result of the aforesaid accident;

(4) This Court will adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5) Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the OCEAN PRINCESS and her pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as they may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; and

(6) Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

PHELPS DUNBAR LLP

*/s/ William J. Riviere*
William J. Riviere, T.A. (La. Bar #20593)
Adam N. Davis (La. Bar #35740)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
bill.riviere@phelps.com
adam.davis@phelps.com

ATTORNEYS FOR PETITIONERS,
OCEAN PRINCESS INTERNATIONAL INC.,
OCEAN LINE HOLDINGS LIMITED, HONG
KONG AND OCEAN LONGEVITY SHIPPING
AND MANAGEMENT CO., LTD., AS OWNER,
BAREBOAT CHARTERER AND MANAGER,
RESPECTIVELY, OF M/V OCEAN PRINCESS